# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Napoleon Joyner and Haley Singleton, | Case No. 9:25-cv-3609-RMG |
| Plaintiffs, | |
| v. | **ORDER AND OPINION** |
| State Farm Mutual Automobile Insurance Company, | |
| Defendant. | |

Before the Court is Plaintiffs' motion to remand. (Dkt. No. 7). Defendant opposes Plaintiffs' motion. (Dkt. No. 10). For the reasons set forth below, the Court grants Plaintiffs' motion to remand.

**I.   Background**

Plaintiffs' claims arise from the theft of their vehicle, which they allege was insured by Defendant against loss due to theft. (Dkt. No. 1-1). Plaintiff claims that Defendant has refused to settle their claim in bad faith and in breach of contract of their insurance policy. Plaintiffs seek actual and punitive damages from Defendant.

Defendant removed this case from the Beaufort County Court of Common Pleas to this Court on April 30, 2025. (Dkt. No. 1). Plaintiffs move to remand and stipulate that "the amount in controversy in this case does not exceed $75,000.00," "they will at no time move to amend their Complaint to seek an amount in excess of $75,000.00" and "will not attempt to collect on any judgment rendered in excess of $75,000.00 in the event a verdict is rendered exceeding this amount." (Dkt. No. 7-1). Defendant opposes Plaintiffs' motion, citing Plaintiffs' plea for punitive damages which "make it 'virtually impossible' to conclude damages are below the jurisdictional

1

threshold." (Dkt. No. 10 at 4). Defendant argues that Plaintiffs' post-removal stipulation does not deprive the Court of jurisdiction where jurisdiction is determined at the time of filing the complaint. (*Id.* at 5-6).

## II. Legal Standard

As the party seeking to invoke the court's jurisdiction after removing a case from state court to federal court, the defendant has the burden of proving jurisdiction upon a plaintiff's motion to remand. *Dixon v. Coburg Dairy, Inc.*, 369 F. 3d 811, 816 (4th Cir. 2004) (citing *Mulcahey v. Columbia Organic Chems. Co.*, 29 F. 3d 148, 151 (4th Cir. 1994)); *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 73 (1996) (stating that the party seeking to remove a case from state court to federal court bears the burden of demonstrating that jurisdiction is proper at the time the petition for removal is filed). In deciding a motion to remand, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. *Id.* "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey*, 29 F. 3d at 151 (citations omitted), *Pohto v. Allstate Ins. Co.*, No. 10-2654, 2011 WL 2670000, at *1 (D.S.C. July 7, 2011) ("Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court.").

## III. Discussion

The Court finds that remand is proper. The Fourth Circuit has adopted a general rule regarding the effect of post-removal stipulations on the propriety of removal where the amount in controversy is plainly stated in the complaint. In situations where the amount in controversy is plainly and unambiguously stated in the complaint, "'[e]vents occurring subsequent' to the filing of the complaint 'which reduce the amount recoverable below the statutory limit do not oust jurisdiction.'" *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul*

*Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938)). In other words, under *St. Paul Mercury*, a plaintiff may not reduce or change his or her demand for damages by way of stipulation to defeat diversity jurisdiction once an amount has been stated. *See Porsche Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002) ("[A] court determines the existence of diversity jurisdiction at the time the action is filed, regardless of later changes in originally crucial facts such as the parties' citizenship or the amount in controversy." (citation and internal quotations marks omitted)); *Griffin v. Holmes*, 843 F. Supp. 81, 87 (E.D.N.C. 1993) ("[T]he plaintiff ... may not defeat diversity jurisdiction by filing a post-removal amendment of the complaint which reduces the amount of damages requested by the complaint below the amount in controversy required by 28 U.S.C. § 1332(a).")

However, the Fourth Circuit has not opined on the effect of a post-removal stipulation, as is the case here, where the initial complaint does not specify an amount. There is guidance on this issue from the U.S. Court of Appeals for the Fifth Circuit and other federal district courts within the Fourth, Fifth, and Sixth Circuits. Various jurisdictions have found that "a post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." *Carter v. Bridgestone Americas, Inc.*, 2013 WL 3946233, at *1–2 (D.S.C. July 31, 2013); *see also Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (asserting that post-removal affidavits and stipulations may be considered in determining the amount in controversy only if the jurisdictional basis was ambiguous at the time of removal); *see also Ferguson v. Wal–Mart Stores, Inc.*, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount);

*Gwyn v. Wal–Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996) (when presented with indeterminate claims, "the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount). This use of clarification is permitted, rather than forbidden, under *St. Paul Mercury*. *See Walker v. Poland*, 2009 WL 5195762, at *1–2 (D.S.C. Dec. 22, 2009); *Tommie v. Orkin, Inc.*, 2009 WL 2148101, at *1–2 (D.S.C. July 15, 2009).

Upon a review of the complaint, the Court notes that Plaintiffs did not specify an amount of damages. (Dkt. No. 1-1). Therefore, the Court interprets Plaintiffs' post-removal stipulation of damages as a clarification of damages they seek. *Stanley v. Auto-Owners Ins. Co.*, 423 F. Supp.3d 225, 229 (D.S.C. 2019); *Ferguson v. Wal-Mart Stores, Inc.*, No. 94-2696, 1994 WL 653479, at * 2 (D.S.C. Nov. 15, 1994); *Gwyn v. Wal-Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1996). Plaintiffs' stipulation states that the amount in controversy in this matter does not exceed $75,000.00 and that Plaintiff will not seek to recover or collect any amount in excess of that amount. (Dkt. No. 7-1). The Court finds the Plaintiffs' stipulation is binding and Plaintiffs may not recover an amount that exceeds $75,000.00 in damages, exclusive of costs and interests. *Stanley*, 423 F. Supp. 3d at 231; *Cox v. Willhite Seed, Inc.*, Civil Action No. 1:13-cv-028930JMC, 2014 WL 6816990, at * 2 (D.S.C. Dec. 4, 2014). As the Court finds the threshold jurisdictional amount in controversy for diversity jurisdiction has not been met, it therefore lacks jurisdiction over this case and will remand the case to the Beaufort County Cort of Common Pleas.

## IV.  Conclusion

In light of the foregoing, Plaintiffs' motion to remand is **GRANTED**.  The Court **REMANDS** this action to the Beaufort County Court of Common Pleas.  Defendant's motion to dismiss is **MOOT**.

**AND IT IS SO ORDERED**.

                                         s/ Richard M. Gergel
                                         Richard Mark Gergel
                                         United States District Judge

June 5, 2025
Charleston, South Carolina